UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBIN WISSEN,**

       **Plaintiff,**

**v.**    Case No:   **6:15-cv-966-Orl-37GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Robin Wissen (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income, in which she alleged a disability onset date of February 1, 2012.  Doc. No. 1.  Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) assigning "little to no weight" to the opinion of her treating physician, Dr. Anthony Picchiello; and 2) finding her testimony concerning her pain and limitations not credible.  Doc. No. 13 at 18-23, 28-29.  Claimant requests the matter be reversed and remanded for further proceedings.  *Id*. at 32.  For the reasons that follow, it is **RECOMMENDED** the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

This appeal centers on the weight assigned to Dr. Picchiello's opinion.  Doc. No. 13 at 18-31.  Specifically, Claimant argues the ALJ failed to articulate good cause, supported by substantial evidence for assigning "little to no weight" to Dr. Picchiello's opinion.  *Id*. at 18-23.  At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)); *see also* 20 C.F.R. § 416.920(a)(4)(iv).  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)); *see also* 20 C.F.R. § 416.945(a).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. §§ 404.1546(c); 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical

opinions of treating, examining and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four of the sequential evaluation process. *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

The bulk of Claimant's physical limitations stem from issues with her lumbar spine. Claimant underwent two MRI's of her lumbar spine during the relevant period. On April 19, 2012, an MRI of Claimant's lumbar spine revealed: evidence of previous lumbar surgery at L5-S1 with scarring and minimal disc bulge; and interspace ridging at L1-L2 with minimal disc bulge. R. 329. On July 18, 2013, an MRI of Claimant's lumbar spine revealed: posterior disc protrusion

and extrusion at L1-L2, with compression flattening of the ventral thecal sac and effacement of the anterior cerebrospinal fluid space; broad-based disc herniation at L4-L5 effacing the thecal sac with inferior foraminal narrowing without nerve root impingement; and mild loss of disc height and broad-based disc bulge at L5-S1 without cord compression.  R. 320-21.

On October 3, 2013, Claimant began treating with Dr. Picchiello, a pain management specialist.  R. 596-98.  Claimant treated with Dr. Picchiello on eight (8) occasions between October 3, 2013 and September 16, 2014.  R. 544-45, 589, 592-93, 596-98, 623-24, 626-31.  Claimant's physical examinations routinely revealed decreased range of motion in her lumbosacral spine, tenderness to palpitation in her lower back, and occasionally revealed positive seated straight leg raises on her left, decreased sensation to pin prick on her left, an antalgic gait, and 5/5 muscle strength in her lower extremities.  *Id*.

Claimant submitted several positive urine drug screens ("UDSs") while treating with Dr. Picchiello.  On November 26, 2013, Claimant tested positive for cocaine.  R. 593.  Claimant admitted trying cocaine prior to her visit, but denied regular use of the narcotic.  *Id*.  In light of this positive test, Dr. Picchiello informed Claimant that "she is not to use illegal substances or it will lead to automatic discharge."  *Id*.  On December 24, 2013, Claimant tested positive for oxycodone.  R. 589.  Claimant had not been prescribed oxycodone, and denied use of the narcotic.  *Id*.  Dr. Picchiello questioned the accuracy of the test, stating a belief that the cups used to conduct the UDSs were "not reading properly."  *Id*.  As a result, Dr. Picchiello sent the sample for additional testing.  *Id*.  On February 18, 2014, Claimant again tested positive for oxycodone, which she denied using.  R. 631.  Dr. Picchiello again sent the sample for additional testing.  *Id*.  The medical record contains no indication whether the additional testing confirmed the presence of oxycodone.

On September 16, 2014, Dr. Picchiello completed a "Medical Assessment of Ability to do Work-Related Activities (Physical)". R. 617-18.[1] Dr. Picchiello opined Claimant can sit for two (2) hours in an eight-hour workday, and can sit in one position for only fifteen (15) minutes with the ability to change positions. R. 617. Dr. Picchiello opined Claimant can stand for less than one (1) hour in an eight-hour workday, and can only stand in one position for ten (10) minutes with the ability to change positions. *Id.* Dr. Picchiello opined Claimant can walk for less than one (1) hour in an eight-hour workday, and can only walk for five (5) minutes at a time. R. 618. Dr. Picchiello opined Claimant can lift/carry one (1) pound continuously, five (5) pounds frequently, and eight (8) pounds occasionally. R. 617. Dr. Picchiello opined Claimant can handle objects if she does not have lift or carry them, cannot bend, and can occasionally push/pull five to ten (5-10) pounds. R. 618. Dr. Picchiello attributed many, but not all, of the foregoing limitations to Claimant's lumbar herniated nucleus pulposus and radiculopathy, and opined that she has a poor prognosis. R. 617-18.[2]

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: lumbar degenerative disc disease, hyperlipidemia, affective disorder, and polysubstance addiction disorder. R. 16. The ALJ also found Claimant suffers from a non-severe impairment of gastroesophageal reflux disease. R. 17. At step four of the sequential evaluation process, the ALJ found Claimant can perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional functional limitations:

> [Claimant] can sit, stand, and walk for 8 hours each in an 8 hour workday. She should avoid climbing ropes, ladders, and scaffolds but can occasionally climb ramps and stairs. She can occasionally bend, balance, stoop, crouch, crawl, and kneel. She cannot lift

---

[1] Dr. Picchiello is the only treating source to offer an opinion concerning Claimant's physical limitations.

[2] Dr. Picchiello did not attribute Claimant's sitting, walking, handling, or pushing/pulling limitations to any specific impairments. R. 617-18.

> anything overhead but can . . . use her upper extremities in all other ways. She can see, hear, and talk. She should avoid vibrations and heights. She needs an unskilled job with normal breaks every two hours. The job should not involve any interactive service jobs in which she interacts with the public. She can be in the vicinity of coworkers but should not work in tandem with them.

R. 18. In reaching this RFC determination, the ALJ summarized and discussed Claimant's testimony, the medical evidence of record, including Dr. Picchiello's treatment notes, and the opinion evidence of record. R. 19-23. Specifically, the ALJ assigned "little to no weight" (hereinafter, "little weight") to Dr. Picchiello's opinion, explaining:

> Dr. Picchi[e]llo's opinions are given little to no weight despite his status as a treating provider. He is only a pain management specialist, who continued to prescribe medication despite repeated failed UDSs, which diminishes his credibility. The claimant's objective clinical and diagnostic findings have been minimal and do not support Dr. Picchi[e]llo's opinions. Furthermore, it appears as though his treatment records note only worsened clinical findings after he rendered his opinion that the claimant is disabled.

R. 22. Accordingly, the ALJ assigned Dr. Picchiello's opinion little weight because: 1) Dr. Picchiello is a pain management specialist; 2) Dr. Picchiello continued treating Claimant despite several urine drug screens ("UDSs") testing positive for illicit and/or unprescribed narcotics; 3) the objective clinical and diagnostic findings have been "minimal" and do not support Dr. Picchiello's opinion; and 4) Dr. Picchiello's clinical findings only worsened after he opined she is disabled. *Id*. Claimant challenges each of these reasons on appeal. Doc. No. 13 at 18-23.

First, Claimant argues the ALJ erroneously assigned Dr. Picchiello's opinion little weight because he is "only a pain management specialist[.]" Doc. No. 13 at 20. The Commissioner does not contest this argument, thus tacitly conceding Dr. Picchiello's area of practice is not good cause to assign his opinion little weight. *See Id*. at 23-28. Dr. Picchiello is an acceptable medical source, and thus can provide evidence establishing Claimant's impairments and/or limitations.

*See* 20 C.F.R. §§ 404.1513(a), 416.913(a); *see also Ferguson v. Colvin*, 2014 WL 3894487, at *6 (W.D.N.Y. Aug. 8, 2014) (finding pain management specialist to be an acceptable medical source). The record reveals Claimant's back impairment causes her pain. *See, e.g.*, R. 544-45, 589, 592-93, 596-98, 623-24, 626-31. Thus, the opinion of a pain management specialist, such as Dr. Picchiello, is particularly relevant in this case. *See* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Accordingly, Dr. Picchiello's area of practice is not good cause to assign his opinion little weight.

Second, Claimant argues the ALJ erroneously assigned Dr. Picchiello's opinion little weight because he continued to treat Claimant despite several positive UDSs. Doc. No. 13 at 20-21. Specifically, Claimant maintains the ALJ did not address the accuracy of the cups used to conduct the UDSs or the additional testing. *Id*. Thus, Claimant argues the ALJ's decision is not supported by substantial evidence. *Id*. In response, the Commissioner essentially argues the ALJ properly considered Dr. Picchiello's continued treatment of Claimant despite her positive UDSs in weighing his opinion. *Id*. at 25.

The record clearly establishes that Claimant thrice tested positive for illicit and/or unprescribed narcotics. R. 589, 592-93, 630-31. The ALJ seizes on this evidence and finds Dr. Picchiello's continued treatment of Claimant in spite of these positive tests undermines the credibility of his opinion. R. 22. The undersigned is not persuaded for two (2) principle reasons. First, the undersigned is not persuaded this reason provides good cause to assign Dr. Picchiello's opinion little weight, because it does nothing to undermine the medical reasons offered by Dr. Picchiello in support of his opinions. Second, assuming such a reason is a basis to assign Dr. Picchiello's opinion little weight, the reason is not supported by substantial evidence. The ALJ

does not discuss the warning Dr. Picchiello issued after the first positive UDS, nor does she mention Dr. Picchiello's skepticism about the accuracy of the following positive UDSs or the additional testing ordered by Dr. Picchiello.  *See* R. 14-25.  This evidence is crucial in determining whether Dr. Picchiello knowingly continued to treat and prescribe Claimant medication despite the positive UDSs.   However, given the ALJ's silence regarding this evidence, it is unclear whether the ALJ considered this evidence, and, if she did, the impact this evidence had upon her decision.  For these reasons, the undersigned finds the second reason neither provides good cause to assign Dr. Picchiello's opinion little weight, nor is it supported by substantial evidence.

Third, Claimant argues the ALJ erroneously assigned Dr. Picchiello's opinion little weight because Claimant's clinical and diagnostic findings were "minimal" and did not support Dr. Picchiello's opinion.  Doc. No. 13 at 21-23.  Specifically, Claimant argues the ALJ's opinion is "conclusory and does not provide the requisite good cause for rejecting [Dr. Picchiello's] opinion." *Id.*  In response, the Commissioner argues the ALJ properly found the record contains minimal clinical and diagnostic findings that do not support Dr. Picchiello's opinion, and thus the ALJ's decision to assign Dr. Picchiello's opinion little weight is supported by substantial evidence.  *Id.* at 25-28.

The ALJ's third reason for assigning Dr. Picchiello's opinion little weight is conclusory. The ALJ simply states that Claimant's "objective clinical and diagnostic findings have been minimal and do not support Dr. Picchi[e]llo's opinions."  R. 22.  The ALJ does not identify any of the clinical and objective findings on which she relies, nor does she cite any medical records in support of this finding.  *See Id.*  Thus, the Court is left to speculate as to what clinical and

objective findings the ALJ relies on.   However, the Court may not engage in such speculation as that would involve a reweighing of the evidence.   *See Phillips*, 357 F.3d at 1240 n.8.

The Commissioner attempts to provide the explanation lacking from the ALJ's decision by highlighting portions of the medical record she (not the ALJ) maintains do not support Dr. Picchiello's opinion.   Doc. No. 13 at 25-28.   The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   It was incumbent on the ALJ to identify the specific clinical and diagnostic evidence that does not support Dr. Picchiello's opinion.   *See, e.g.*, *Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Franklin v. Colvin*, 2013 WL 5407615, at *5 (N.D. Ala. Sept. 25, 2013) (finding the ALJ erred by not pointing to any specific medical evidence or opinions in support of the ALJ's conclusion that the physician's opinion "is inconsistent with the minimal objective clinical findings of record"). Here, the ALJ did not do so.   Accordingly, the Court is unable to conduct a meaningful review of whether the ALJ's third reason for assigning Dr. Picchiello's opinion little weight is supported by substantial evidence.

Last, Claimant argues the ALJ erroneously assigned Dr. Picchiello's opinion little weight because his clinical findings only worsened after he opined she is disabled.   Doc. No. 13 at 23. The Commissioner does not contest this argument.   *See Id.* at 23-28.   On September 16, 2014, Dr. Picchiello authored a treatment note, in which he opined Claimant is unable to work.   R. 623-24.   That same day, Dr. Picchiello rendered his opinion concerning Claimant's specific physical

limitations.  R. 617-18.  The record contains no other treatment notes postdating Dr. Picchiello's September 16, 2014 opinions.  Accordingly, the ALJ's final reason for assigning Dr. Picchiello's opinion little weight is not supported by substantial evidence.

In light of the foregoing, the undersigned finds the ALJ has not articulated good cause to assign Dr. Picchiello's opinion less than controlling or substantial weight.  Accordingly, it is **RECOMMENDED** that the case be reversed and remanded for further proceedings.[3]

## III.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 25, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] Claimant's second assignment of error challenges the ALJ's credibility finding, and hinges entirely upon the outcome of her first assignment of error.  Doc. No. 13 at 28-29.  Accordingly, in light of the disposition of Claimant's first assignment of error, there is no need to separately address Claimant's second assignment of error.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy